

# Fourth Court of Appeals
## San Antonio, Texas

June 9, 2021

No. 04-21-00177-CR

Isaiah Joe **ALCARAZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR1920W
Honorable Stephanie R. Boyd, Judge Presiding

# O R D E R

Appellant Isaiah Alcaraz entered into a plea bargain with the State pursuant to which he pleaded nolo contendere to the offense of deadly conduct involving the discharge of a firearm. The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant filed a notice of appeal, and the district clerk filed a copy of the clerk's record, which includes the trial court's Rule 25.2(a)(2) certification and a written plea bargain agreement. *See id.* R. 25.2(d). We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

Here, the clerk's record establishes the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* R. 25.2(a)(2). The record also supports the trial court's certification that appellant does not have a right to appeal and/or waived his right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Accordingly, appellant is given notice that this appeal will be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless an

amended certification showing that appellant has the right to appeal is made part of the appellate record **by July 9, 2021**. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

We **ORDER** all appellate deadlines are suspended until further order of the court. We further **ORDER** the clerk of this court to serve copies of this order on the attorneys of record and the court reporter.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 9th day of June, 2021.

_____
MICHAEL A. CRUZ, Clerk of Court